### DOWLING v. MILLER–KENDIG REAL ESTATE CO.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. EVIDENCE (§ 400*)—EXTRINSIC EVIDENCE—CONTRACT FOR SALE OF LAND.

Where a contract for the sale of city lots is based on a map which shows the depth of the lots as 71 feet, the purchaser, in a suit to recover the money paid, cannot show that it was represented that the lots were 100 feet deep.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1780; Dec. Dig. § 400.*]

2. VENDOR AND PURCHASER (§ 110*)—CONTRACTS—STIPULATIONS—BREACH.

Under a contract for the sale of a city lot, in which the vendor stipulates to build granolithic sidewalks, the purchaser two years thereafter may not rescind the contract and recover his money back because the walks have not been built, where the lot sold was only one of many comprising a single enterprise, and the stipulation manifestly referred to the whole enterprise.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 196; Dec. Dig. § 110.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John C. Dowling against the Miller-Kendig Real Estate Company to recover installments paid for land. From a judgment for plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Henry P. Molloy, for appellant.
Jacob Friedman, for respondent.

PER CURIAM. Plaintiff purchased three lots at Hempstead, L. I., April 28, 1906, for $575, agreeing to pay $57.50 cash and $10 monthly,

and 4 per cent. per annum on unpaid balances, together with taxes and assessments. Plaintiff's payments up to February 28, 1908, aggregated $287.21, which he seeks to recover on the ground that the lots were substantially deficient in depth and that a granolithic sidewalk was not laid in front of his premises, by reason of which the lots were unsalable. Defendant counterclaimed the plaintiff's failure to make monthly payments since March 28, 1908, and demanded forfeit of the payments made under the terms of the agreement. Judgment was rendered for plaintiff for $332.47.

The contract provided that defendant should grade all streets, plant suitable shade trees, and lay granolithic sidewalks in front of each lot. No time for so doing was specified, but this work has not been begun. The map referred to in the agreements shows the lots in question to average about 71 feet in depth. Assuming the jurisdiction of the Municipal Court to dispose of this issue, it seems to me that plaintiff cannot succeed in attempting to show that the lots were represented to him to be 100 feet in depth, for the reason that his contract is based in that particular upon the map. Plaintiff is not entitled to a deed until he has made all his payments, and as no time was mentioned for the construction of a sidewalk in front of his lots it would seem reasonable that he may not now refuse to perform his obligation. This enterprise shows many hundreds of lots facing on many streets. A purchaser in these circumstances should realize that such a clause related to the enterprise generally. To say arbitrarily that defendant must at once, or within two years, place these sidewalks in front of the lots of each purchaser, or return the purchase price paid on account, would result in a construction of the contract not jointly contemplated by the parties.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. I dissent, agreeing with the observations of the learned trial justice, excepting his imputation of good faith to the defendant, whose agents, I would find, got the plaintiff's money for inaccessible property by equivocating, misrepresenting the facts, and repressing the truth.